This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.                                  **NO. 31,288**

**CARMEN DIAZ,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**William A. Sanchez, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Deschamps & Kortemeier Law Offices, P.C.
Lauren Reed
Socorro, NM

for Appellant

## MEMORANDUM OPINION

**VANZI, Judge.**

Defendant appeals from her "order of probation" based on her underlying conditional no-contest plea for possession of a controlled substance (methamphetamine). Our second notice proposed to affirm, and Defendant filed a timely memorandum in opposition. We remain unpersuaded by Defendant's arguments and therefore affirm.

Defendant continues to argue that the district court erred in denying her motion to suppress based on her argument that Deputy Martinez' warrantless search of her purse was unlawful. [MIO 3; RP 24, 45, 56] As provided in our second notice, Deputy Martinez stopped a vehicle occupied by Defendant and Donnie Hobbs while in the course investigating an armed robbery in which Hobbs was a suspect. [DS 1-2] During the course of the stop, in which both Defendant and Hobbs were questioned outside of the vehicle, Defendant returned to the vehicle to retrieve her purse. [DS 2; RP 44] When Deputy Martinez tried to grab her purse, Defendant grabbed the purse away. [DS 2] Given Hobbs' status as an armed robbery suspect, Defendant's status as Hobbs' girlfriend, and Defendant's aggressive behavior with regard to the purse, Deputy Martinez handcuffed Defendant and searched her purse for a weapon. As provided in our second notice, an investigation for armed robbery may serve as justification for a weapons search. *See State v. Vandenberg*, 2003-NMSC-030, ¶ 22, 134 N.M. 566, 81 P.3d 19. Moreover, the officer was justified in handcuffing

Defendant [MIO 4] during the search to ensure his safety. *See State v. Gutierrez*, 2004-NMCA-081, ¶ 11, 136 N.M. 18, 94 P.3d 18 (recognizing that a search for officer safety may be justified even when the defendant is handcuffed).

For reasons set forth herein and in our second notice, we affirm.

**IT IS SO ORDERED.**


_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**


_____
**CYNTHIA A. FRY, Judge**

3